UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMALLIS DELCI COLVIN,

    Petitioner,                           Civil No. 05-74888-DT
                                              HONORABLE GEORGE CARAM STEEH
v.                                    UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Romallis Delci Colvin, ("petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for kidnaping, M.C.L.A. 750.349. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offense following a jury trial in the Detroit Recorder's Court. On August 1, 1991, petitioner was sentenced to life imprisonment. Petitioner's direct appeals with the Michigan courts ended on

1

February 28, 1995, when the Michigan Supreme Court denied petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Colvin,* 448 Mich. 873; 530 N. W. 2d 753 (1995).

On May 5, 1995, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, in which he challenged his conviction. On March 15, 1999, the petition for writ of habeas corpus was dismissed without prejudice, because petitioner had failed to exhaust his state court remedies. *See Colvin v. Hawley,* U.S.D.C. No. 95-CV-72685-DT (E.D. Mich. March 15, 1999)(Cohn, J.).

On July 16, 2003, petitioner filed a post-conviction motion for relief from judgment with the state trial court pursuant to M.C.R. 6.500, *et. seq.* After the trial court and the Michigan Court of Appeals denied relief, petitioner's state post-conviction proceedings were concluded when the Michigan Supreme Court denied petitioner's post-conviction application for leave to appeal on October 31, 2005. *People v. Colvin,* 474 Mich. 896; 705 N.W. 2d 118 (2005). The instant petition was signed and dated December 17, 2005. [1]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on December 17, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not

been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the direct appeal of petitioner's conviction ended when the Michigan Supreme Court denied his application for leave to appeal on February 28, 1995. Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one year limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on May 29, 1995, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). However, because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

The Court recognizes that petitioner filed his first petition for writ of habeas corpus with the federal district court on May 9, 1995. This petition was dismissed without prejudice on March 15, 1999, to permit petitioner to return to the state courts to exhaust his claims. Although a petition for federal habeas review is not

"an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period, See *Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

In this case, however, petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to delay the commencement of the one year limitations period.  Petitioner filed his motion for relief from judgment with the trial court on July 16, 2003, over four years after his first petition for writ of habeas corpus was dismissed without prejudice.  Because petitioner waited more than thirty days following the

dismissal of his first habeas petition to return to the state courts to initiate post-conviction proceedings, he is not entitled to equitable tolling of the limitations period. Moreover, post-conviction review was concluded when the Michigan Supreme Court denied petitioner's application for leave to appeal on October 31, 2005. Petitioner did not file the instant petition with this court until almost two months had elapsed from this date. Because petitioner did not re-file this habeas petition within thirty days of the conclusion of post-conviction review in this case, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *Palmer,* 276 F. 3d at 781-82; *See also Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003).

Moreover, even if this Court were to equitably toll the limitations period for the entire time that petitioner's first habeas application was pending in federal court, the instant petition would still be untimely, because petitioner waited over four years following the dismissal of his first petition before filing his motion for relief from judgment with the state courts. *See Breese v. Maloney,* 322 F. Supp. 2d 109, 112-13 (D. Mass. 2004). A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Moreover, petitioner did not have one year following the denial of his post-conviction motion for relief from judgment, as

he suggests, to file his petition with this Court, because the one year limitations period under the AEDPA begins to run at the conclusion of the direct review of a habeas petitioner's conviction, and not on the date which a habeas petitioner has exhausted all of his state post-conviction remedies, as petitioner appears to argue. *Payton v. Brigano,* 256 F. 3d 405, 408 (6th Cir. 2001). The instant petition is therefore untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010.

Petitioner first contends that the limitations period should be tolled because he is a layman who is uneducated in the law and unfamiliar with the court rules or the AEDPA's limitations period. An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Equitable tolling of the AEDPA's one-year limitations period is also not warranted on the basis of petitioner's alleged lack of actual or constructive knowledge of the

filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline. *See Allen v. Yukins,* 366 F. 3d 396, 402-03 (6th Cir. 2004). In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.*

To the extent that petitioner appears to have believed that he had one year from the conclusion of his post-conviction proceedings in the state courts to timely file his petition with the federal court, he would not be entitled to equitable tolling on this basis. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). "[A] habeas petitioner's ignorance as to the proper calculation of the limitations period for filing a federal habeas petition does not warrant equitable tolling." *Id. (*Citing *Pearson v. North Carolina,* 130 F. Supp. 2d 742, 744 (W.D.N.C. 2001)). Any miscalculation by petitioner "[o]f the plain language contained in § 2244(d)(2) would not constitute an extraordinary circumstance sufficient to warrant equitable tolling of the statute of limitations." *Id. a*t 861.

Petitioner next argues that the limitations period is subject to equitable tolling, for the time that he spent researching and investigating his claims, as well as time spent attempting to obtain records, police investigators' notes, reports, and witness statements from either the prosecutor or the police.

Petitioner is not entitled to equitable tolling on this basis. The "[A]EDPA

8

does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Jurado,* 337 F. 3d at 644. "[N]either does the doctrine of equitable tolling grant such a right." *Id.* Moreover, petitioner does not offer any specific argument about how these documents were necessary for his claims. A habeas petitioner is not entitled to equitable tolling of the AEDPA's limitations period on the grounds of rare, exceptional, and extraordinary circumstances, where the petitioner fails to supply the factual background necessary to support his or her conclusory allegations of such circumstances. *See Malone v. Oklahoma,* 100 Fed. Appx. 795, 798 (10th Cir. 2004).

    Petitioner next contends that he should be entitled to equitable tolling, because Judge Cohn dismissed his first habeas petition without informing petitioner that he had only thirty days to return to the state courts to initiate state post-conviction pleadings. Petitioner further contends that tolling is appropriate because Judge Cohn failed to hold the petition in abeyance while petitioner returned to state court and failed to advise petitioner that he could resubmit a habeas petition which contained only exhausted claims.

    Petitioner is not entitled to equitable tolling on the ground that Judge Cohn dismissed his initial habeas petition without advising him of the potential statute of limitations consequences. *See Diaz v. Secretary of Dept. of Corrections,* 362 F. 3d 698, 701-02 (11th Cir. 2004). Petitioner's lack of diligence in returning to the

state courts precludes equitable tolling of the limitations period on this basis. *See Neverson v. Farquharson*, 366 F. 3d 32, 42-44 (1st Cir. 2004)(equitable tolling inappropriate, even though petitioner was "unfairly misled by a sea change in habeas law in the last decade," because he "inexplicably waited nearly seven months after [the district court's] dismissal of his initial habeas petition ... before he requested a new trial in state court"); *Breese,* 322 F. Supp. 2d at 113 (fact that district court, if given benefit to forsee future case law, would have granted motion to stay filed with initial petition, did not warrant equitable tolling, where petitioner waited thirty seven months following the dismissal of his first petition to file state post-conviction motion).  Likewise, the fact that Judge Cohn did not inform petitioner in his order of dismissal that he could move to delete his unexhausted claims does not justify equitable tolling of the limitations period, because Judge Cohn was under no duty to give such advice and his order of dismissal "was a correct rather than a misleading statement of the law, and did not induce any detrimental conduct by misstatement of fact or intention." *Hicks v. Lamarque,* 126 Fed. Appx. 341, 342-43 (9th Cir. 2005).  Finally, the fact that Judge Cohn ruled on petitioner's initial habeas petition after the one year limitations period elapsed does not justify equitable tolling, given the "languid manner" in which petitioner pursued his state post-conviction remedies. *See Gunderson v. Abbott,* 172 Fed. Appx. 806, 809-10 (10th Cir. 2006).

      Finally, petitioner has failed to present any new, reliable evidence of actual

innocence that would toll the limitations period in this case. *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: October 5, 2006

                                  s/George Caram Steeh
                                  HON GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 5, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---